## BLYTHEWOOD, INC.
### vs.
## MAY H. JAQUISH

Superior Court          Fairfield County          File #45225

Present:   Hon. EDWIN C. DICKENSON, Judge.

Pullman & Comley,          Attorneys for the Plaintiff.

Durey, Pierson & Comley,     Attorneys for the Defendant.

### MEMORANDUM FILED APRIL 7, 1937.

JENNINGS, J.   The case apparently turns upon the construction of a contract, (Exhibit A).   In its original complaint the plaintiff alleged it was compelled to pay a judgment which under the contract the defendant agreed to save it harmless from.   The defendant alleged the judgment to have been paid by the plaintiff's insurer and not by the plaintiff and this was admitted by a subsequent pleading.   In the same pleading the plaintiff denied an allegation in the defense that it had suffered no loss or damage by reason of the action. The defendant demurred to this defense as inconsistent with the admissions and the demurrer was sustained in part and a suggestion made as to an amendment which was followed out by the filing of an amendment to the reply.   The amendment was filed April 14, 1936, and nothing more was done in the case until nearly a year later when on March 1, 1937, new counsel entered for the plaintiff and on March 11th filed this motion.

While, as the defendant has contended, if allowed the amendment will require some repetition in pleading, for all that appears the original complaint was drawn in good faith

and upon a theory that has met with discouragement in memoranda on demurrers somewhat indirectly attacking it.

The plaintiff originally assumed, apparently, that a payment by its insurer was in legal effect a payment by itself and so drew its complaint. It now seeks to substitute an allegation that it became obliged to pay the judgment creditor and to pay "a large sum" for the defense of the original action and for the prosecution of this action. It further seeks to amend by alleging the defendant refused to defend the original action and save it harmless from claims and liability.

The court cannot in this proceeding pass upon substantial claims of the parties. It may only consider whether the merit of the motion exceeds the delay and inconvenience it may cause the defendant. The circumstances seem to favor the plaintiff in this respect.

The motion is granted.